IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTOPHER TODD, Individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) Case No. 3:26-cv-00320 |
| v. | ) ) ) **JURY TRIAL DEMANDED** |
| SAFE HOME SECURITY, INC., | ) ) |
| Defendant. | ) |

## CLASS ACTION COMPLAINT

### Preliminary Statement

1. "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls . . . As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. Plaintiff Christopher Todd ("Plaintiff") brings this action for relief under the TCPA, 47 U.S.C. § 227, after receiving numerous robocalls from Defendant Safe Home Security, Inc. ("Defendant" or "Safe Home") on his cellular telephone.

3. Plaintiff seeks certification of a class of similarly situated individuals, as well as monetary and injunctive relief as described below.

### Parties

4. Plaintiff Christopher Todd is an individual person and a resident of Spring Hill, Florida.

5. Safe Home Security, Inc. ("Safe Home" or "Defendant") is a corporation organized under Connecticut law with its headquarters and principal place of business in Middletown,

1

Connecticut. Safe Home sells home security goods and services nationwide, including throughout Connecticut.

## Jurisdiction & Venue

6. The Court has federal question subject matter jurisdiction over these TCPA claims pursuant to 28 U.S.C. § 1331. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

7. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because Safe Home does business in this District and thus resides in this District within the meaning of 28 U.S.C. § 1391(c)(2).

## Factual Allegations

8. At all times relevant hereto, Plaintiff subscribed to a cellular telephone service for the number (xxx) xxx-5810 ("Plaintiff's Cellular Number").

9. Between February 2019 and the present, Safe Home placed hundreds of artificial voice robocalls to Plaintiff's Cellular Number that provided a callback number of (800) 837-6920, sometimes placing multiple such calls on the same day.

10. These calls all displayed caller ID (800) 837-6920 and used the same robotic-sounding artificial voice to convey the following message or a near-identical variation thereof:

> [*female artificial voice*] Hello. This is Aria with, Safe Home Security. Today at, 10:09 a.m., five or more consecutive test signals have not been received [*pause*] from the Christopher Todd residence, located at [xxx] New Hampshire Avenue North East, in St. Petersburg. If you have any questions, please call us at (800) 837-6920 using reference number 07719. Thank you and have a great day.

11. During each call from caller ID (800) 837-6920 that Plaintiff answered, an artificial voice message materially identical to the foregoing played at the outset of the call, and then the call terminated without offering Plaintiff any way to be connected to a live representative or opt out of further calls.

12. Whenever Plaintiff did not answer a call from caller ID (800) 837-6920, Safe Home left Plaintiff an artificial voice voicemail message materially identical to the foregoing.

13. Certain details in the message such as the day, time, and reference number changed from call to call, but the rest of the artificial voice message Safe Home used during each call was identical.

14. On May 2, 2024 at 9:54 a.m., for example, Plaintiff received a call on his cellular telephone number, from caller ID (800) 837-6920, that left the following artificial voice message from Safe Home in his voicemail:

> [*female artificial voice*] Hello.  This is Aria with, Safe Home Security.  Today at, 9:52 a.m., five or more consecutive test signals have not been received [*pause*] from the Christopher Todd residence, located at [xxx] New Hampshire Avenue North East, in St. Petersburg.  If you have any questions, please call us at (800) 837-6920 using reference number 52379.  Thank you and have a great morning.

15. On July 15, 2024 at 8:57 a.m., Plaintiff received a call on his cellular telephone number, from caller ID (800) 837-6920, that left the following artificial voice message from Safe Home in his voicemail:

> [*female artificial voice*] Hello.  This is Aria with, Safe Home Security.  Yesterday at, 9:53 p.m., five or more consecutive test signals have not been received [*pause*] from the Christopher Todd residence, located at [xxx] New Hampshire Avenue North East, in St. Petersburg.  If you have any questions, please call us at (800) 837-6920 using reference number 99663.  Thank you and have a great morning.

16. On July 2, 2025 at 5:09 p.m., Plaintiff received a call on his cellular telephone number, from caller ID (800) 837-6920, that left the following artificial voice message from Safe Home in his voicemail:

> [*female artificial voice*] Hello.  This is Aria with, Safe Home Security.  Today at, 5:07 p.m., five or more consecutive test signals have not been received [*pause*] from the Christopher Todd residence, located at [xxx] New

Hampshire Avenue North East, in St. Petersburg. If you have any questions, please call us at (800) 837-6920 using reference number 50699. Thank you and have a great afternoon.

17. On December 18, 2025 at 5:22 p.m., Plaintiff received a call on his cellular telephone number, from caller ID (800) 837-6920, that left the following artificial voice message from Safe Home in his voicemail:

> [*female artificial voice*] Hello. This is Aria with, Safe Home Security. Today at, 5:20 p.m., five or more consecutive test signals have not been received [*pause*] from the Christopher Todd residence, located at [xxx] New Hampshire Avenue North East, in St. Petersburg. If you have any questions, please call us at (800) 837-6920 using reference number 78927. Thank you and have a great evening.

18. The messages all made the same statements, phrased in the same way, in the same sequence, at the same tempo, using the same robotic-sounding female voice, with identical pauses and intonation, and without the sea of voices or other background noise of a call center. This and the template-based content of messages played during each call and voicemail indicates that they used an artificial and/or prerecorded voice.

19. Upon receipt of the first voicemail, Plaintiff initially believed it could be about his actual home security system through Vivint, Inc., and so he called (800) 837-6920 as the voicemail instructed. A representative answered Plaintiff's call and stated they were with "Safe Home Security." Plaintiff asked them to stop calling his cellular telephone number. But Safe Home did not honor Plaintiff's do-not-call request, and the calls continued.

20. On approximately two subsequent occasions, Plaintiff called (800) 837-6920 in order to try to get the calls to stop. Each time, the representative who answered stated they were with "Safe Home Security," Plaintiff provided his name, address, and cellular telephone number (xxx) xxx-5810 and explained they keep robocalling that telephone number, and asked them to stop calling it. Each time, the Safe Home representative stated they could not find any record of

4

Plaintiff's name, address, or telephone number in their system, and they did not know why he was receiving the calls. Safe Home did not honor those do-not-call requests, and the calls did not stop.

21. Instead, Plaintiff continued receiving calls on his cellular telephone number (xxx) xxx-5810 from Safe Home using the same artificial voice message, and Safe Home's robocalls continue to this day.

22. On February 2, 2026 at 8:35 a.m., for example, Plaintiff received a call on his cellular telephone number, from caller ID (800) 837-6920, that left the following artificial voice message from Safe Home in his voicemail:

> [*female artificial voice*] Hello. This is Aria with, Safe Home Security. Saturday at, 7:45 p.m., five or more consecutive test signals have not been received [*pause*] from the Christopher Todd residence, located at [xxx] New Hampshire Avenue North East, in St. Petersburg. If you have any questions, please call us at (800) 837-6920 using reference number 47697. Thank you and have a great morning.

23. Plaintiff grew so tired of and frustrated by the never-ending illegal harassing calls and voicemails that he tried answering the calls and hanging up immediately before the artificial or prerecorded voice message played. In those instances, however, Safe Home called Plaintiff back seconds later using the same artificial and/or prerecorded voice message.

24. Defendant's acts and omissions with respect to the artificial voice calls to Plaintiff's Cellular Number alleged above were deliberate and conscious acts and omissions.

25. Plaintiff did not consent receive these calls.

26. These calls injured Plaintiff by invading his privacy, intruding upon his seclusion, interfering with his cellular telephone phone, wasting his time, and causing him aggravation and inconvenience.

246854_3

**Class Action Statement**

27. As authorized by Rule 23(b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of proposed Classes of similarly situated persons throughout the United States.

28. The proposed class is tentatively defined as:

> All persons subscribing to a telephone number assigned to cellular telephone service in the United States to which Defendant placed an artificial voice telephone call since the date that is four years prior to the filing of this complaint.

29. A proposed subclass is tentatively defined as:

> All persons subscribing to a telephone number assigned to cellular telephone service in the United States to which Defendant placed an artificial voice telephone call after receipt of a request to not call the number since the date that is four years prior to the filing of this complaint.

30. The Classes defined above are identifiable through Defendant's own call records and business records as well as phone number databases.

31. Given the size of Defendant's business, its calling practices and the artificial-voice nature of the calls, the class members number at least in the hundreds.

32. Individual joinder of these persons is impracticable.

33. Plaintiff is a member of the Classes.

34. There are questions of law and fact common to Plaintiff and to the proposed Classes, including but not limited to the following:

> (a) whether Defendant's calls utilized an artificial voice;
>
> (b) whether Defendant's conduct was willful or knowing;
>
> (c) whether requesting that a caller not call a telephone number revokes any prior express consent to call that number;
>
> (d) whether Plaintiff and the other members of the Classes are entitled to statutory damages and/or injunctive relief; and

(e) whether Defendant violated the TCPA.

35. Plaintiff's claims are typical of the claims of members of the Classes because they arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

36. Plaintiff is an adequate representative of the Classes because his interests do not conflict with the interests of the Classes, he will fairly and adequately protect the interests of the Classes, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

37. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

38. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and the small amount of recoverable damages.

## Legal Claims

### Count One - TCPA

39. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

40. Plaintiff's Cellular Number is, and at all times pertinent was, assigned to a cellular telephone service within the meaning of 47 U.S.C. § 227(b)(1)(A)(iii).

41. Defendant did not have Plaintiff's prior express consent to call Plaintiff's Cellular Number using an artificial voice.

246854_3

42. None of Defendant's calls to Plaintiff's Cellular Number were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

43. Defendant violated 47 U.S.C. § 227(b)(1)(A) each time it placed an artificial voice telephone call to Plaintiff's cellular telephone number.

44. Defendant's violations were knowing or willful.

45. Plaintiff and the members of the Classes are entitled to and do seek injunctive relief prohibiting Defendant from violating the TCPA in the future.

## Relief Sought

Plaintiff requests the following relief:

A. An order enjoining Defendant from placing artificial voice phone calls to cellular numbers without prior express consent;

B. An award of statutory damages to Plaintiff and the Class and Subclass in the amount of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation of the TCPA;

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing a Class and Subclass the Court deems appropriate, finding that Plaintiff is a proper representative of the Class and Subclass, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class and Subclass; and

D. Such other relief as the Court deems just and proper.

## Jury Demand

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff, individually and on behalf of all others similarly situated, demands a trial by jury on all issues so triable.

246854_3

Dated: March 3, 2026

        Respectfully Submitted,

        CHRISTOPHER TODD, individually and on behalf of all others similarly situated, Plaintiff

        By:  /s/ Keith J. Keogh

        Keith J. Keogh
        Theodore H. Kuyper (*Pro Hac Vice to be filed*)
        KEOGH LAW, LTD.
        55 W. Monroe Street, Suite 3390
        Chicago, Illinois 60603
        (312) 726-1092
        keith@keoghlaw.com
        tkuyper@keoghlaw.com

        Scott D. Owens (*Pro Hac Vice to be filed*)
        SCOTT D. OWENS, P.A.
        2750 N. 29th Avenue, Suite 209A
        Hollywood, Florida 33020
        (954) 589-0588
        scott@scottdowens.com

        ***Attorneys for Plaintiff and the Putative Classes***